UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:07-CR-9 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| LUCAS LORENZO BROWN | ) | |

**M E M O R A N D U M**

Defendant Lucas Lorenzo Brown ("Defendant") filed a motion to suppress (Court File No. 13), which was referred to United States Magistrate Judge Susan K. Lee to conduct an evidentiary hearing if necessary and make a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). The magistrate judge held an evidentiary hearing on April 3, 2007 and filed a report and recommendation ("R&R") recommending Defendant's motion be denied on April 13, 2007 (Court File No. 19).

Defendant filed objections to the R&R within the ten-day period, arguing the magistrate judge erred making certain factual findings based upon the evidence presented at the hearing and as a result, the Court should sustain Defendant's objection, overrule the magistrate judge's decisions, and suppress the items discovered in the July 7, 2006 traffic stop, arrest of Defendant, and search of Defendant's car (Court File No. 20). Essentially, Defendant contends the magistrate judge's ruling rested on an erroneous credibility determination. After carefully reviewing the record and considering both the filings of Defendant and the Government (Court File Nos. 20 & 21), the Court finds the magistrate judge's credibility determinations to be supported by the weight of the evidence and her legal analysis to be correct under the relevant law. Therefore, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R and will **DENY** Defendant's motion to suppress (Court File

No. 13).

I. **STANDARD OF REVIEW**

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). When reviewing a magistrate judge's credibility determinations on a motion to suppress, the district court may accept or reject the magistrate judge's determinations recognizing a magistrate judge is in a better position to assess the credibility of witnesses she sees and hears. *United States v. Ailemen*, 986 F. Supp. 1228, 1231 (N.D. Cal. 1997)(citing *United States v. Raddatz*, 447 U.S. 667, 673-76 (1980)). Credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his *de novo* review of the record he finds a reason to question the magistrate judge's assessment. *Blizzard v. Quillen*, 579 F. Supp. 1446, 1449 (D. Del. 1984); *see also United States v. Wallace*, No. 1:04-CR-96, 2005 WL 2922226, *9 (E.D. Tenn. Nov. 3, 2005).

II. **FACTS**

Defendant objects to several of the magistrate judge's factual findings; however, after reviewing the record *de novo* the Court finds the magistrate judge's factual findings are consistent with the record. Consequently, the Court will **ACCEPT** and **ADOPT** by reference the magistrate judge's statement of the relevant facts in her R&R (Court File No.19, pp. 1-3).

III. **ANALYSIS**

At the evidentiary hearing, the Government offered the testimony of Officer Michael S. Keef ("Officer Keef") of the Chattanooga Police Department and the Defendant presented no witnesses. Defendant objects to certain of the magistrate judge's factual findings including: (1) Defendant

2

argues his music was not loud enough to be heard from 50 feet or more and the sound Officer Keef heard likely came from a nearby club; (2) Defendant argues he may have been traveling in the center turn lane in order to give a wide buffer to the two patrol cars stopped on the side of the road; (3) Defendant objects to Officer Keef's testimony that Defendant was exceeding the speed limit based upon the lack of support for the officer's testimony; and (4) Defendant objects to Officer Keef's testimony that Defendant attempted to flee (Court File No. 20). Defendant's brief can also be construed to object to the magistrate judge's determination that Officer Keef had probable cause to arrest Defendant.[1]

A.     **Objections to Factual Findings**

The magistrate judge found Officer Keef testified consistently and credibly throughout the evidentiary hearing. Defendant argues the magistrate judge's credibility determination is erroneous. The magistrate judge also found Defendant offered no evidence to rebut Officer Keef's testimony. The Court notes the magistrate judge personally observed Officer Keef's live testimony and, therefore, appropriately defers to her credibility determination absent a reason to question such determination. After carefully reviewing the record, the Court has found no reason to question the magistrate judge's assessment of the evidence; therefore, the Court accepts the magistrate judge's credibility findings regarding Officer Keef.

In his first three objections Defendant improperly attempts to refute the evidence presented at the evidentiary hearing. First, Defendant objects to the magistrate judge's finding that Officer

---

[1] Even though Defendant expressly states he objects to the magistrate judge's findings of fact, it can be inferred that he also objects to the magistrate judge's legal conclusion that probable cause existed to arrest Defendant (Court File No. 20 at ¶ 3). Therefore, the Court will also address this objection.

Keef could hear loud music coming from Defendant's vehicle from a distance of 500 feet and the officer's testimony that the music was not from coming from the nearby club or the cars leaving the club. In his brief, Defendant simply attempts to refute this evidence by contending his music was not loud enough to be heard from 50 feet or more and the sound likely came from the nearby club (Court File No. 20). Second, Defendant objects to the magistrate judge's finding that he entered a turn lane too soon and failed to operate his vehicle on the right side of the road. Defendant does not dispute that he traveled in the turn lane, but contends in his brief that he may have been traveling in that lane in order to give a wide buffer to the two patrol cars stopped on the side of the road. Defendant's brief contains purely legal argument and is not evidence; therefore, it is not sufficient to refute the evidence presented at the hearing. Consequently, Defendant's first two objections are without merit.

Third, Defendant objects to Officer Keef's testimony that he was exceeding the speed limit since there is no supporting evidence determining Defendant's exact speed. Officer Keef was testifying based upon his personal knowledge concerning Defendant's estimated speed and the magistrate judge found his testimony was credible. Defendant presented no evidence to the contrary at the hearing; therefore, Defendant's third objection is also without merit.

It is improper for Defendant to attempt to present contradictory evidence in his objection brief. Defendant and his attorney were present at the hearing and had an opportunity to properly refute the evidence presented by conducting cross-examination of the Government's witness, Officer Keef, and/or by calling witnesses on Defendant's behalf.[2] The magistrate judge found that Officer Keef's testimony was consistent throughout the hearing and Defendant presented no evidence to the

---

[2] As previously noted, Defendant presented no witnesses at the evidentiary hearing.

contrary.

In his fourth objection Defendant argues that the weight of the evidence does not support a finding that he was attempting to flee from the officers. The magistrate judge made a factual finding, based upon Officer Keef's testimony at the hearing, that Defendant continued driving in the turn lane for approximately three to four city blocks after Officer Keef and another officer following behind him turned on their patrol cars' blue lights and sirens despite passing several suitable places to stop (Court File No. 19). Officer Keef also testified Defendant then rapidly pulled two-car lengths into his mother's driveway (*Id.*). Subsequently,

> The Defendant jumped out of his vehicle, and Officer Keef believes Defendant was attempting to flee on foot, but immediately stopped because the officers had him "covered." Defendant failed to follow Officer Keef's instructions to come back to the patrol car, and Officer Keef approached Defendant and "quickly" placed Defendant in custody. Officer Keef testified Defendant was arrested for "felony fleeing" and because Officer Keef believed Defendant was an "immediate threat" due to his failure to stop his car for several blocks in response to the blue lights and sirens.

(*Id.*). The Court finds sufficient evidence in the record to support the magistrate judge's factual finding that Defendant attempted to flee from the officers. Specifically, Defendant traveled for an additional three to four city blocks after the officers turned on their patrol cars' blue lights and sirens, rapidly pulled into a driveway, and jumped out of his car. Defendant then ignored Officer Keef's instructions to walk towards the patrol car. Defendant is correct in stating that it is irrelevant as to whether he was internally considering fleeing on foot after he exited his vehicle; however, the weight of the evidence supports the magistrate judge's finding of fact that Defendant attempted to flee after the officers turned on their blue lights and sirens.[3] Therefore, Defendant's fourth objection

---

[3] Defendant also voluntarily, without any interrogation by law enforcement, stated he "ran" because of his outstanding arrest warrants.

is without merit.

### B. Probable Cause to Arrest Defendant

The magistrate judge found Officer Keef had probable cause to stop Defendant's vehicle and arrest him without a warrant since Officer Keef witnessed Defendant's violation of several traffic ordinances, including ordinances prohibiting excessively loud music (Tenn. Code Ann. § 55-8-193), improper use of a turn lane (Tenn. Code Ann. § 55-8-140(5)(D)), failing to operate a vehicle in the right-hand lane (Tenn. Code Ann. 55-8-115), and/or failure to stop in response to the activation of police blue lights and sirens (Tenn. Code Ann. § 55-8-132). Defendant presented no evidence to rebut the magistrate judge's finding concerning this issue. The Court finds the magistrate judge's probable cause analysis is supported by both the law and the weight of the evidence. The magistrate judge did an excellent job of outlining the relevant law and explaining why Officer Keef had probable cause to arrest Defendant; therefore, the Court sees no reason to repeat the magistrate judge's analysis in this memorandum. Based upon the reasoning and law contained in the R&R, the Court agrees with the magistrate judge's determination that Officer Keef had probable cause to arrest Defendant.

## IV. CONCLUSION

For the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R and will **DENY** Defendant's motion to suppress (Court File No. 13).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**