UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | | |
|---|---|---|---|
| LUCAS L. BROWN, | ) | | |
| | ) | | |
| *Petitioner*, | ) | Case Nos. | 1:07-cr-09-CLC-SKL |
| | ) | | 1:11-cv-352-CLC-SKL |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| *Respondent*. | ) | | |
| | ) | | |

## MEMORANDUM AND ORDER

Petitioner Lucas L. Brown ("Petitioner"), a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (as amended, the "2255 Motion") (Court File No. 56).[1] Respondent United States of America (the "Government") filed a response in opposition to the 2255 Motion (Court File No. 63), and Petitioner filed a reply to the Government's response (Court File No. 66). After careful review and for the reasons stated below, Petitioner's 2255 Motion is **DENIED**.

## I.  BACKGROUND

As summarized by the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") on Petitioner's direct appeal, Petitioner, pursuant to a written plea agreement:

---

[1] After Petitioner filed a timely motion he sought and obtained permission to amend his 2255 motion and filed an amended 2255 motion (Court File Nos. 58 & 59). On January 4, 2012, the Court granted the motion to amend (Court File No. 60) and directed the clerk's office to replace the original 2255 motion (Court File No. 56) with the amended motion (Court File No. 59). Subsequently, Petitioner filed a motion to amend his amended 2255 motion (Court File No. 68), which motion was denied by the Court in an order dated July 31, 2013 (Court File No. 69). Petitioner's motion to revise that order (Court File No. 71) is not well taken and is **DENIED**. The 2255 Motion was initially referred for a report and recommendation pursuant to 28 U.S.C. § 636(b) (Court File No. 73). The referral is hereby **WITHDRAWN**. All citations to the district court record are to the docket of Case No. 1:07-cr-09, which is the underlying criminal case.

pleaded guilty to three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and of knowingly possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). The presentence investigation report ("PSR") recommended [Petitioner] be sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines because he had two prior convictions for felony drug offenses. [Petitioner] moved for a downward departure from the career offender guideline range, arguing that the prior convictions overstated his past criminal conduct because those offenses involved only small amounts of drugs and resulted in probation.

After hearing [Petitioner's] arguments in support of his position that his prior convictions overstated his criminal history, the district court determined that the PSR properly classified [Petitioner] as a career offender. The district court acknowledged that it had discretion to impose a sentence outside the career offender guideline range but declined to do so in this case because it found that [Petitioner] had not demonstrated that he could lead a "law-abiding life." As grounds for denying [Petitioner's] motion, the district court observed that the career offender provision was promulgated in part to predict the likelihood of recidivism, and-- stating that such likelihood "is not all that great" in cases where a defendant has not violated the law for a lengthy period--found that [Petitioner] had not gone for any substantial period of his adult life without breaking the law. The district court further observed that many of [Petitioner's] infractions involved drugs or guns, or both.

Noting that it had considered the statutory sentencing factors required by 18 U.S.C. § 3553(a), the district court sentenced [Petitioner] to 322 months of imprisonment, the lowest end of the guidelines range. In determining [Petitioner's] sentence, the district court concluded that the PSR correctly calculated the applicable guideline range as 322 to 387 months of imprisonment based upon an adjusted offense level of 27 and a criminal history category of VI.

*United States v. Brown*, 397 F. App'x 187, 187-88 (6th Cir. 2010).

On direct appeal, Petitioner challenged the substantive reasonableness of his sentence, arguing "the district court erred in declining to depart from the career offender guidelines." *Id*. at

188-89.  The United States Court of Appeals for the Sixth Circuit held it lacked jurisdiction to review the district court's decision not to depart downward from the sentencing guidelines range on the ground that Petitioner's classification as a career offender under the guidelines overstated his past criminal conduct, since the district court recognized its authority to impose a sentence below the applicable guideline range, but elected not to exercise that authority. *Id*. at 189.

In his 2255 Motion, Petitioner essentially claims that: (1) his career offender status is abrogated by *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010); (2) his counsel rendered constitutionally ineffective assistance with respect to issues concerning career offender status, a large capacity magazine, cash conversion to crack cocaine, and a petition for writ of certiorari; and (3) he is actually innocent of the imposed career offender status (Court File No. 59).  The Government has responded in opposition, arguing, in summary, that: (1) Petitioner's challenge to his career offender status is not cognizable and lacks merit; (2) Petitioner counsel was not ineffective; and (3) Petitioner is not actually innocent (Court File No. 63).  Petitioner filed a reply (Court File No. 66) and this matter is now ripe.

## II.    STANDARDS

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors that constitute "fundamental defect[s] which inherently result[] in a complete miscarriage of justice."  *Hill v. United States*, 368 U.S. 424, 428

(1962), *quoted in Reed v. Farley*, 512 U.S. 339, 348-49 (1994); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required.

## III.     ANALYSIS

### A.     Career Offender

While the Court will address each of Petitioner's claims herein, the crux of his 2255 Motion is that he should not have been sentenced as a career offender because he was sentenced to or served less than a year on both of his two predicate controlled substance offenses. Whether couched as a stand-alone claim or an ineffective-assistance-of-counsel claim, however, Petitioner's arguments about career offender status fail. Contrary to Petitioner's arguments, what counts in a predicate offense is the *possible* sentence a defendant faces, not the *actual sentence* imposed or served. That Petitioner received a sentence of probation for each of his predicate offenses simply does not change that the offenses were punishable by imprisonment for a term exceeding one year. *See, e.g.,* USSG § 4B1.2, cmt. n.1 ("'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term

exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."); *United States v. Apodaca*, 512 F. App'x 509, 513 (6th Cir. 2013) ("The designation of the offense under [state] law and the actual sentence imposed is irrelevant. The only relevant question is whether the [state] offense is punishable by a term exceeding one year."); *United States v. McGhee*, 161 F. App'x 441, 449 (6th Cir. 2005) ("[T]he actual sentence is not determinative; rather, it is potential exposure that determines whether a conviction qualifies as a prior felony conviction for career offender purposes"); *United States v. Calloway*, 14 F. App'x 389, 390 (6th Cir. 2001) (rejecting argument that an offense, for which a maximum punishment of five years was authorized by statute, was improperly used to classify the defendant as a career offender simply because defendant served less than a year in confinement); *Bryson v. United States*, No. 11–20571, 13–cv–11939, 2013 WL 3780950, at *3 (E.D. Mich. July 19, 2013) (holding prior conviction was relevant for career offender guidelines because the offense was punishable by more than one year in prison, despite defendant's actual sentence of only 30 days); *United States v. Richardson*, No. 11–20669, 2013 WL 396239, at *4 (E.D. Mich. Feb. 1, 2013) (holding that the length of sentence actually served is irrelevant for the career offender guidelines); *Walters v. United States*, 03–cr–80758–3, 09–cv–11214-DT, 2009 WL 3299689, at *4 (E.D. Mich. Oct.14, 2009) ("[N]otwithstanding the sentence of probation actually imposed upon [defendant, his] 1997 conviction was for a felony controlled substance offense, and, accordingly, was properly treated as a predicate offense for career offender treatment under U.S.S.G. § 4B1.1 because it was punishable by a term of imprisonment exceeding one year."); *United States v. Martin*, No. 07-cr-20605-D1, 2014 WL 4926267, at *5 (E.D. Mich. Oct. 1, 2014) ("Therefore, because Defendant's prior drug offense convictions were . . . punishable by a term of imprisonment exceeding one year under section 4B1.2, they

qualified as predicate offenses for purposes of the career offender guidelines, section 4B1.1. Defendant's counsel was, therefore, not deficient in failing to argue against including these convictions as predicate offenses.").

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). That test provides that, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id*. (citing *Strickland*, 466 U.S. at 687).

The first prong requires the petitioner to show his attorney's performance was deficient by demonstrating that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every
> effort be made to eliminate the distorting effects of hindsight, to
> reconstruct the circumstances of counsel's challenged conduct, and
> to evaluate the conduct from counsel's perspective at the time.
> Because of the difficulties inherent in making the evaluation, a
> court must indulge a strong presumption that counsel's conduct

6

> falls within the wide range of reasonable professional assistance;
> that is, the defendant must overcome the presumption that, under
> the circumstances, the challenged action "might be considered
> sound . . . strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it noted that

> there is no reason for a court deciding an ineffective assistance
> claim to approach the inquiry in the same order or even to address
> both components of the inquiry if the defendant makes an
> insufficient showing on one . . . . If it is easier to dispose of an
> ineffectiveness claim on the ground of lack of sufficient prejudice,
> which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697.

Petitioner argues his two previous Tennessee drug convictions do not qualify as predicate offenses for his career-offender status. He further argues that his counsel failed to raise this issue at sentencing or upon direct appeal. To the extent Petitioner is attempting to state a stand-alone challenge to his career offender designation, it has been procedurally defaulted by his failure to raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). A procedurally defaulted claim may be pursued only where a defendant can first demonstrate both cause and actual prejudice, or that he is actually innocent. *Id.* Petitioner may, however, properly challenge his career-offender status as an ineffective assistance of counsel claim, and it will be addressed

7

accordingly below. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) (holding ineffective assistance of counsel with accompanying prejudice may excuse a procedural default).

The Presentence Investigation Report ("PSR")[2] included a detailed account of Petitioner's criminal history. Petitioner's "Career Offender Predicate" offenses both occurred in 2004. His arrest on the first predicate offense occurred on July 5, 2004, when he was found to be in possession of crack cocaine. Petitioner, who was represented by counsel, pleaded guilty on November 3, 2005 to possession of cocaine for resale, a Class B Felony, and was sentenced to six years but given a suspended term of imprisonment and a term of probation (Court File No. 63-1, Page ID # 177; PSR ¶ 43).[3] Petitioner's arrest on the second predicate offense occurred on October 22, 2004, when he was stopped for suspicious activity and police located a bag of marijuana. On November 3, 2005, Petitioner pleaded guilty to possession of marijuana for resale, a Class E Felony, and was given a one-year suspended term of imprisonment with probation (Court File No. 63-1, Page ID # 180; Doc. 70-1, Page ID # 232; PSR ¶ 44). The two judgments, which were entered in the Criminal Court of Hamilton County, Tennessee on the same day, reflect Petitioner was sentenced to a "total effective sentence 7 years" with special

[2] The plea agreement signed by Petitioner on September 27, 2007, states "The defendant understands that the sentence in this case will be determined by the Court after it receives the pre-sentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553." (Court File No. 37 at ¶ 7).

[3] The Government refers to the cocaine predicate offense as a Class C felony under Tennessee law. The judgment (Court File No. 63-1, Page ID # 177) reflects it is a Class B felony. Whether it is a Class B or Class C felony, however, does not impact the result reached herein as both Class C and Class B felonies are punishable by a term of imprisonment exceeding one year. Tenn. Code Ann. § 40-35-111(b) [authorizing terms of imprisonment as follows: "Class B felony, not less than eight (8) nor more than thirty (30) years"; "Class C felony, not less than three (3) years nor more than fifteen (15) years"; and "Class E felony, not less than one (1) year nor more than six (6) years."].

conditions of an alternative sentence of supervised probation (Court File No. 63-1, Page ID # 180; Doc. 70-1, Page ID # 232).[4]

Relying on his reading of *Carachuri-Rosendo*, Petitioner argues his counsel was constitutionally ineffective in failing to challenge the finding by the Court that he qualified for career offender status on the grounds that Petitioner did not serve more than a year in prison for either prior drug conviction. In his reply, Petitioner clarifies that he is also arguing he was not sentenced to more than one year for the marijuana charge. Petitioner argues this alleged error by counsel prejudiced him by leading to an increased "base offense level" under USSG § 4B1.1, which consequently led "to a longer prison term" (Court File No. 56, Page ID # 88).

In *Carachuri-Rosendo*, defendant, a lawful permanent resident who had lived in the United States since he was five years old, faced deportation after committing two misdemeanor drug possession offenses in Texas. 560 U.S. at 566. The Supreme Court held that a second or subsequent simple drug-possession conviction does not qualify as an aggravated felony under immigration law so as to lead to automatic removal. *Id.* In the process of resolving the issue presented, the Supreme Court rejected the lower court's "hypothetical approach," which reasoned that, because the conduct could have been prosecuted as a recidivist simple possession under state law, it could have also been punished as a felony under federal law. *Id.* at 575-76. The Court stated that

> the defendant must *also* have been *actually convicted* of a crime that is itself punishable as a felony under federal law. The mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated

---

[4] Petitioner's state Petition to Enter Plea of Guilty and Waiver of Trial by Jury, which Petitioner filed in support of his 2255 Motion, also reflects that the predicate offenses each carried a term of maximum penalty in excess of one year (Court File No. 70-1, Page ID # 233).

> felony' before he loses the opportunity to seek cancellation of removal."

560 U.S. at 581-82 (emphasis in original) (quoting 8 U.S.C. § 1229b(a)(3)). In other words, in an immigration proceeding, the government is not permitted to treat a past criminal conviction as having been for a more serious offense than the one of which the defendant was actually convicted. This holding does not address the issue Petitioner raises.

A defendant is a career offender under the Guidelines if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The Guidelines define a "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Petitioner's two prior convictions, possession of cocaine for resale in July 2004 and possession of marijuana for resale in October 2004, were for violations of Tenn. Code Ann. § 39-17-417 (Court File No. 63-1 at Page ID # 175, 178; PSR at ¶¶ 43-44). Both offenses were punishable by terms of imprisonment of more than one year. Tenn. Code Ann. § 40-35-111. Petitioner does not challenge that he was previously convicted of these controlled substance offenses, nor does he credibly challenge that the offenses were punishable by terms of imprisonment exceeding one year. Rather, Petitioner focuses on the actual punishments he received--an irrelevant inquiry for determining whether the career offender status guidelines

10

apply.[5]  Accordingly, Petitioner's reliance on *Carachuri-Rosendo* is misplaced, and the Court

**FINDS** Petitioner has not shown his counsel's representation was either objectively

unreasonable or prejudicial.  *See, e.g., Strickland*, 466 U.S. at 694; *McPhearson*, 675 F.3d at 563.

### B.    Large Capacity Magazine

Petitioner argues his counsel was constitutionally ineffective because he failed to

challenge at sentencing, and upon direct appeal, the calculation of his base offense level under

2K2.1(a)(4), which is the guideline addressing the qualification of a firearm as one designed to

operate a large capacity magazine.  Petitioner argues the application of 2K2.1(a)(4) resulted in

Petitioner's base offense level being 24 rather than 14 and led to a longer prison term (Court File

No. 59, Page ID # 118).  The Government's response correctly notes there was no mention of a

large capacity magazine in Petitioner's case.  The Government's response further states that

Petitioner's career offender status, not Petitioner's base offense level, was determinative in

Petitioner's Guidelines range; and further, even if an objection to the base offense level was

sustained, it would not have resulted in a different range under the Guidelines.  In his reply,

Petitioner appears to concede his mistake and acknowledges he was not sentenced based on the

possession of a firearm designed to operate a large capacity magazine under 2K2.1(a)(4).  He

then reiterates his career offender arguments addressed above.

Thus, the Court finds Petitioner has not shown his counsel's representation was either

objectively unreasonable or prejudicial with respect to his base offense level under 2K2.1(a)(4).

*See, e.g., Strickland*, 466 U.S. at 694; *McPhearson*, 675 F.3d at 563.

---

[5] Also irrelevant are the cases Petitioner cites (*see, e.g.,* Doc. 59-1 at Page ID # 145) that address predicate offenses under North Carolina law, such as *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008).  Unlike Tennessee, North Carolina has a "unique statutory regime" under which felony sentencing is contingent on both the designated "class of offense" and the "prior record level" of the defendant.  *See United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

### C. Cash Conversion to Crack

Petitioner argues his counsel was also constitutionally ineffective when he failed at sentencing, and upon direct appeal, to object to the conversion of $965 seized from Petitioner into one ounce of crack for the purpose of calculating drug quantity, which he alleges directly led to a longer prison term (Court File No. 59, Page ID # 116, 142-43). The Government's response states that Petitioner's counsel did raise this "precise objection" with the Court and with the probation officer, citing both the PSR addendum and the transcript of Petitioner's sentencing hearing as proof of Petitioner's counsel's objection to the cash conversion to crack cocaine (Court File No. 63, Page ID # 171).

As noted by the Government, Petitioner's counsel properly made this objection at the sentencing hearing and also properly stated that the Court was not required to rule on this objection due to Petitioner's career-offender status because the drug quantity determination had no bearing on Petitioner's ultimate advisory Guideline range (Court File No. 51, Page ID # 44). The Addendum to the PSR asserts two objections by Petitioner's counsel, with the second objection being as to the "money conversion" (Addendum to PSR, p. 2). As Petitioner's counsel made the assertion on Petitioner's behalf that the $965 found in Petitioner's possession actually constituted the proceeds of Petitioner's sale of compact discs to a store, Petitioner's counsel was not deficient. The Court **FINDS** Petitioner has not shown his counsel's representation was either objectively unreasonable or prejudicial in this regard. *See, e.g., Strickland*, 466 U.S. at 694; *McPhearson*, 675 F.3d at 563.

### D. Petition for Writ of Certiorari

Petitioner also complains of his counsel's failure to petition for a writ of certiorari from the Supreme Court after Petitioner's direct appeal was denied by the Sixth Circuit. (Court File

No. 59 at Page ID # 146). As pointed out by the Government, there is no constitutional right to the assistance of counsel in seeking a writ of certiorari. *See Nichols v. United States,* 563 F.3d 240, 248 (6th Cir. 2009) ("the Constitution does not entitle a defendant to the assistance of counsel for a discretionary appeal (e.g., a petition for certiorari)") (citing *Ross v. Moffitt,* 417 U.S. 600, 617 (1974)). Without a constitutional right to counsel, there can be no ineffective assistance of counsel. *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). Thus, the Court finds Petitioner has not shown his counsel's representation was either objectively unreasonable or prejudicial in this regard. *See, e.g., Strickland*, 466 U.S. at 694; *McPhearson*, 675 F.3d at 563.

### E. Combined Effect

Under the cumulative error doctrine, "a defendant must show that the combined effect of individually harmless errors were so prejudicial as to render his trial fundamentally unfair." *United States v. Warman,* 578 F.3d 320 (6th Cir. 2009) (quoting *United States v. Trujillo*, 376 R.3d 593, 614 (6th Cir. 2004)). Here, Petitioner has failed to demonstrate ineffective assistance as to any single claim for relief; thus, there is "simply no error[] to cumulate." *See Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007). Based upon the foregoing, the Court finds Petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*, and his claims for relief based on this theory should also be **DENIED**.

### F. Actual Innocence

Petitioner states he is "actually innocent" of his career offender designation. The facts and evidence in Petitioner's case were undisputed. Petitioner knowingly and voluntarily entered guilty pleas to the predicate acts (Court File No. 63-1 at Page ID # 177, 180), which "serves as

an admission that he is not innocent of the crimes charged." *See United States v. Skinner,* 25 F.3d 1314, 1316 (6th Cir. 1994).

### G. Certificate of Appealability

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, Petitioner is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, reasonable jurists could not find the assessment of his claims debatable, and the issues presented are not adequate to deserve encouragement to proceed further, a certificate of appealability **SHALL NOT ISSUE**.

## IV. CONCLUSION

For the reasons stated above, the claims presented in the 2255 Motion lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and a hearing is unnecessary in this case. Accordingly, judgment shall be entered **DENYING** Petitioner's 2255 motion (Court File No. 56). As noted in footnote 1, *supra*, Petitioner's motion to revise (Court File No. 71) is also **DENIED**.

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**